UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23408-CIV-KING/BANDSTRA

ARNOLD MAYA,

     Plaintiff,

vs.

MASTER RESTAURANT DEVELOPER, LLC,
BRINKER INTERNATIONAL, INC.,
GEORGE M. AOUN, SCOTH MOODY,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Dismiss [*Pro Se* Complaint] (D.E. 12) filed on January 11, 2010. Previously, this case was referred to the undersigned for appropriate disposition of all pretrial motions (D.E. 3) by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Following full review of the pleadings, plaintiff's *pro se* Complaint, and applicable law, it is hereby RECOMMENDED that:

a.  Defendants' Motion to Dismiss be GRANTED due to plaintiff's failure to adequately allege causes of action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*;

b.  Plaintiff be allowed to file an Amended Complaint addressing, if possible, the pleading deficiencies discussed below.

## INTRODUCTION

On November 6, 2009, Arnold Maya ("plaintiff"), proceeding *pro se*, filed a Complaint in this Court asserting claims for damages and unpaid overtime wages under the FMLA and FMSLA. In brief summary,[1] plaintiff alleges that he was previously employed by defendants at a restaurant known as "On the Border" in Miami-Dade County for several months in 2008. Plaintiff further alleges that on or about "November 6, 2009"[2] he requested a leave of absence from his employment under the FMLA because a "direct member of his family was sick." Cpt., pg. 1. Plaintiff alleges that this request was denied by his supervisor, George M. Aoun, after consulting with his supervisor, Scoth Moody, which resulted in plaintiff's termination of employment.

Plaintiff asserts two claims against defendants. First, plaintiff seeks damages under the FMLA on allegations that he worked for defendants for "more than 1500 hours" during seven months in 2008. Plaintiff's second claim is brought under the FLSA on allegations that he was required to work over 380 hours of overtime - - apparently without overtime compensation.[3]

---

[1]The undersigned notes that plaintiff is proceeding without an attorney so that the above summary is taken from his Complaint and an attached report of employee work hours showing plaintiff's position as a manager of defendants' restaurant between April and November 2008. While this Report and Recommendation evaluates the sufficiency of the Complaint under the pleading requirements of the FMLA and FMSA, the parties do not dispute that plaintiff held this employment position for seven months in 2008.

[2]This date appears to be incorrect and should read November 6, 2008.

[3]As discussed below, plaintiff does not allege defendants' failure to pay him overtime or a minimum wage but, this seems to be a fair reading of the *pro se* Complaint. The undersigned recommends that this should be better alleged in an Amended Complaint.

2

Defendants move to dismiss these claims pursuant to F.R.Civ.P. 12(b)(6) for plaintiff's failure to allege cognizable causes of actions under either statute. Specifically, defendants argue that plaintiff is not an "eligible" employee under the FMLA because he worked less than twelve months for his employer and fails to specify a "serious health condition" as required by the statute. Defendants move to dismiss the FLSA claim due to plaintiff's failure to allege that he was not paid overtime or the correct minimum wage.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (MD. Fla. 1993) (*citing Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (*citing Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the

3

Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice or what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When a plaintiff appears pro se, the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976) (quoting *Haines*, 404 U.S. at 520, 92 S.Ct. at 595-96). Despite the liberality of the pleading requirement, naked allegations that are too conclusory cannot survive a motion to dismiss. *See Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

## ANALYSIS

### A. FMLA Claim

The FMLA requires employers to grant "eligible employees" up to twelve weeks of unpaid leave within a twelve month period for certain serious health conditions of the employee or an immediate family member. 28 U.S.C. § 2612(a)(1). The term "eligible employee" means:

... an employee who has been employed ...

**(I)** for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; **and**
**(ii)** for at least 1,250 hours of service with such employer during the previous 12-month period.

(Emphasis added). 29 U.S.C. § 2611(2)(A)(i) and (ii).

Defendants move to dismiss the FMLA claim arguing that plaintiff alleges only that he worked "more than 1500 hours" over a seven month period in 2008. Defendants note that plaintiff's "weekly detail report" of dates and hours worked attached to the Complaint

4

also shows that plaintiff worked for less than 12 months in 2008 at defendants' place of business.  Thus, defendants argue that plaintiff is not eligible to bring a claim under the FMLA.

Plaintiff offers no adequate response to the "12 month" requirement of the FMLA. Rather, plaintiff argues only the liberal pleading requirements of F.R.Civ.P. 8(a) and by misstating the eligibility requirements of § 2611(2)(A).  Specifically, plaintiff misstates the statute by substituting "or" instead of "and" between the subsections of the eligibility requirement.  The undersigned finds that § 2611(2)(A) clearly and unequivocally requires an employee to be employed by a defendant employer "for at least 12 months" and "for at least 1,250  hours" during that 12 month period.  Plaintiff has failed to meet this specific and requisite pleading requirement in his FMLA claim.  Accordingly, the undersigned recommends that this claim be dismissed without prejudice.[4]

B.    FLSA Claim

In his second claim, plaintiff attempts to state a cause of action under the FLSA for 380 hours of unpaid overtime during his seven month period of employment with defendants.  Defendants correctly note that plaintiff does not allege that he was not paid overtime or the correct minimum wage during this employment.  While defendants are correct, a fair and liberal reading of the Complaint and its attachment leads to the conclusion that plaintiff is attempting to assert a claim for unpaid overtime despite his deficient allegations.

--------------------

[4]The undersigned further recommends that plaintiff be required to more adequately allege the "serious health condition" prompting his request for leave of absence should plaintiff be able to allege a 12 month period of employment with defendants in an Amended Complaint.

Accordingly, the undersigned recommends that the FLSA claim also be DISMISSED WITHOUT PREJUDICE but with leave for plaintiff to file an Amended Complaint which more adequately alleges (1) his position and nature of employment with defendants; (2) the dates on which he was employed; (3) the number of hours worked during his employment for each pay period; (4) his salary or hourly wage; and (5) the number of overtime hours for which he was not compensated by defendants. *See e.g., Kraemer v. Elmira Auto Paint Supplies, Inc.*, 903 F.Supp. 315 (N.D.N.Y. 1995) (granting Rule 12 (b)(6) motion to dismiss for similar pleading insufficiencies in a pro se complaint brought under the FLSA).

## SUMMARY

For all of the foregoing reasons, the undersigned recommends that Defendants Motion to Dismiss be GRANTED for the pleading insufficiencies addressed above but with leave for plaintiff to amend, if possible, within ten (10) days of any Order adopting this recommendation.

Dated this ___9th___ day of February, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All counsel of record

6