UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23408-CIV-KING/BANDSTRA

ARNOLD MAYA,

    Plaintiff,

vs.

MASTER RESTAURANT DEVELOPER, LLC,
BRINKER INTERNATIONAL, INC.,
GEORGE M. AOUN, SCOTH MOODY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Amended Complaint (D.E. 26) filed on April 9, 2010. Previously, this case was referred to the undersigned for appropriate disposition of all pretrial motions (D.E. 3) by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Following full review of the pleadings, plaintiff's [pro se] Amended Complaint, and applicable law, the undersigned recommends:

    a. that Defendants' Motion to Dismiss Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege causes of action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 et seq.; and

    b. that this case be DISMISSED with prejudice as to the FMLA claim but without prejudice as to the FLSA claim; and

    c. the plaintiff be allowed to refile a second amended complaint on the FLSA claim

only within ten (10) days of the Court's adopting these recommendations.

## INTRODUCTION

On November 6, 2009, Arnold Maya ("plaintiff"), proceeding *pro se*, commenced this action by the filing of a *pro se* complaint attempting to assert claims for damages and unpaid overtime wages under the FMLA and FSLA. In essence, plaintiff alleged that he was previously employed by defendants at a restaurant known as "On the Border" in Miami-Dade County for several months in 2008. Plaintiff further alleged that he requested a leave of absence from his employment under the FMLA because a family member was ill. Plaintiff then alleged that this request was denied by his supervisor, George M. Aoun, after consulting with another supervisor, Scoth Moody, which resulted in plaintiff's termination of employment.

Plaintiff asserted two claims against defendants. First, plaintiff sought damages under the FMLA on allegations that he worked for defendants for "more than 1500 hours" during seven months in 2008.[1] Plaintiff's second claim was brought under the FLSA on allegations that he was required to work over 380 hours of overtime - - apparently without overtime compensation.[2]

On January 11, 2010, defendants moved to dismiss these claims pursuant to F.R.Civ.P. 12(b)(6) based on plaintiff's failure to allege cognizable causes of actions under either statute. Specifically, defendants argued that plaintiff was not an "eligible" employee

---

[1] Defendants do not dispute that plaintiff held this employment position for seven months in 2008.

[2] Plaintiff did not specifically allege defendants' failure to pay him overtime or a minimum wage but the undersigned construed this to be a fair reading of the *pro se* Complaint.

under the FMLA because he worked less than twelve months for his employer and failed to specify a "serious health condition" as required by the statute. Defendants moved to dismiss the FLSA claim due to plaintiff's failure to allege that he was not paid overtime or the correct minimum wage.

On February 9, 2010, the undersigned issued a Report and Recommendation recommending that defendants' motion to dismiss be granted with leave to amend due to plaintiff's failure to adequately allege causes of action under the FMLA and the FLSA. Specifically, the undersigned noted that plaintiff's claim under the FMLA was deficient because plaintiff failed to allege that he worked for defendants for at least twelve months as required by the Act. See 29 U.S.C. §2612(a)(1). The undersigned further noted numerous pleading deficiencies with respect to plaintiff's claim under the FLSA including plaintiff's failure to adequately allege his position and nature of employment.

On March 15, 2010, the undersigned's Report and Recommendation was adopted by this Court. The Court further ordered plaintiff to cure any pleading deficiencies within ten days.

On March 23, 2010, plaintiff filed a motion to amend complaint.[3] Once again, plaintiff attempts to assert claims for damages and unpaid compensation as well as various medical bills, loss of a house, loss of a car and pain and suffering under the FLSA and the FMLA. In essence, plaintiff alleges that he was terminated from his employment for asking his supervisor, George Aoun, if he qualified for leave under the FMLA due to his father's

---

[3] The undersigned construes plaintiff's motion to amend complaint as the amended complaint based on the language in the pleading. Specifically, plaintiff's motion states "[t]he Plaintiff in accordance with Rule 15(a), Federal Rules of Civil Procedure, amends the complaint in the action as follow[s]."

diagnosis of terminal cancer. See Am.Cpt., pg.1. Plaintiff further alleges that he was "negligently terminated" without paying him overtime. Id., pg. 14.

On April 9, 2010, defendants filed the instant motion to dismiss amended complaint arguing that plaintiff's amended complaint fails to state causes of action under both the FMLA and the FLSA. Specifically, defendants argue that plaintiff is not an "eligible" employee under the FMLA because he still fails to allege that he worked for any of the defendants for at least twelve months. Defendants further argue that plaintiff has failed to allege sufficient facts and jurisdictional allegations to state a claim under the FLSA.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (MD. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.

1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When a plaintiff appears *pro se*, the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976) (quoting *Haines*, 404 U.S. at 520, 92 S.Ct. at 595-96). Despite the liberality of the pleading requirement, naked allegations that are too conclusory cannot survive a motion to dismiss. *See Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

## ANALYSIS

A. <u>FMLA Claim</u>

The FMLA requires employers to grant "eligible employees" up to twelve weeks of unpaid leave within a twelve month period for certain serious health conditions of the employee or an immediate family member. 28 U.S.C. § 2612(a)(1). The undersigned again emphasizes that the term "eligible employee" means:

... an employee who has been employed ...

**(I)** for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; **and**
**(ii)** for at least 1,250 hours of service with such employer during the previous 12-month period.

(Emphasis added). 29 U.S.C. § 2611(2)(A)(i) and (ii).

Defendants move to dismiss the FMLA claim arguing that plaintiff has not alleged

that he worked for defendants for at least twelve months. Defendants further note that plaintiff's "weekly detail report" of dates and hours worked and other payroll documents attached to the amended complaint demonstrate that plaintiff worked for less than 12 months in 2008 at defendants' place of business. Thus, defendants argue that plaintiff is not eligible to bring a claim under the FMLA.

Plaintiff again fails to offer an adequate response to the "12 month" requirement of the FMLA. Plaintiff merely quotes numerous federal regulations without addressing the twelve month requirement. Indeed, plaintiff's amended complaint and supporting documents reflect that plaintiff commenced work on April 3, 2008 and was terminated on November 6, 2008, a period of only seven months. The undersigned finds that § 2611(2)(A) clearly and unequivocally requires an employee to be employed by a defendant employer "for at least 12 months" and "for at least 1,250 hours" during that 12 month period. Plaintiff has failed to meet this specific and requisite pleading requirement in his FMLA claim. Accordingly, the undersigned recommends that this claim be dismissed *with prejudice*.

B. <u>FLSA Claim</u>

In his second claim, plaintiff alleges a cause of action under the FLSA for approximately 450 hours of unpaid overtime during his seven month period of employment with defendants. Plaintiff attempts to cure his original pleading deficiencies by specifying the dates on which he was employed, the number of hours worked during his employment for each pay period, the number of overtime hours for which he was not compensated, and his yearly salary. Defendants correctly note that plaintiff failed to provide any specific information regarding his position and nature of employment with defendant as previously

6

ordered by this Court. However, a fair and liberal reading of the complaint and the attachments thereto clearly reflect that plaintiff was employed as a manger with defendants.

Reviewing plaintiff's allegations, the undersigned notes that the elements that must be alleged to state a claim for a violation of the FLSA's overtime pay requirements are "quite straightforward." See Sec'y of Labor v. Labbe, 319 F.Appx. 761, 762 (11th Cir. 2008). The elements are "simply a failure to pay overtime compensation . . . to covered employees. . . ." Id.; 29 U.S.C. § 216(b). While plaintiff's amended complaint asserts that defendants failed to pay him overtime compensation, it still remains unclear whether plaintiff is a covered employee. Section 13(a)(1) of the FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from the overtime requirements. See 29 U.S.C. § 213(a)(1). While defendants may eventually prevail on issues of exemption, the inquiry of whether plaintiff's management position qualifies as an exemption is clearly fact intensive and, thus, inappropriate for adjudication on the instant motion to dismiss.

What is significant at this time, however, is that plaintiff's amended complaint fails to allege any jurisdictional allegations whatsoever and is not in compliance with the general rules of pleading as set forth in Fed.R.Civ.P. 8. While it is evident that this Court has original subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the amended complaint failed to allege any jurisdictional facts with respect to the individual defendants or defendant Brinker International. Without such information, the Court cannot determine whether these parties are properly joined in this lawsuit.

Accordingly, the undersigned recommends that plaintiff's FLSA claim be dismissed once again with leave to refile in accordance with the pleading requirements set forth in Fed.R.Civ.P. 8.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends:

a. that Defendants' Motion to Dismiss Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege causes of action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*; and

b. that this case be DISMISSED *with prejudice* as to the FMLA claim but *without prejudice* as to the FLSA claim; and

c. the plaintiff be allowed to refile a second amended complaint on the FLSA claim only within ten (10) days of the Court's adopting these recommendations.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. sec. 636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

Respectfully submitted at Miami, Florida, this 15th day of June, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All counsel of record