UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23408-CIV-KING/BANDSTRA

ARNOLD MAYA,

    Plaintiff,

vs.

MASTER RESTAURANT DEVELOPER, LLC,
BRINKER INTERNATIONAL, INC., GEORGE M. AOUN,
SCOTT MOODY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (D.E. 37) filed on September 6, 2010. Previously, this case was referred to the undersigned for appropriate disposition of all pretrial motions by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Having reviewed this motion, the response thereto, plaintiff's *pro se* second amended complaint, all pleadings and applicable law, the undersigned recommends:

    a. that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*; and

    b. that this case be DISMISSED *with prejudice* as to defendants Brinker International, Inc., George M. Aoun and Acoth Moody, but *without prejudice* as to defendant Master Restaurant Developer, LLC.

    c. that plaintiff be allowed to refile a third amended complaint on the FLSA claim

solely against Master Restaurant Developer, LLC within ten (10) days of the Court's adopting these recommendations.

## INTRODUCTION

This is an action for unpaid wages and resulting damages brought by *pro se* plaintiff Arnold Maya ("plaintiff") under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* against his alleged employers Master Restaurant Developer, LLC and Brinker International, Inc. and other individuals identified as George M. Aoun, and Scoth Moody (collectively "defendants"). Plaintiff, in his second amended complaint, alleges that he was previously employed by defendants in a managerial role at a restaurant known as "On the Border" in Miami-Dade County for several months in 2008.[1] Plaintiff further alleges that he often worked between 12 to 16 hours per day. Plaintiff asserts that he was "negligently terminated" without payment of 435 hours in overtime compensation. Consequently, plaintiff attempts to assert claims for unpaid compensation and damages including loss of income, loss of a house, loss of a car and pain and suffering under the FLSA. See Sec.Am.Cpt., pg. 4.[2]

On September 6, 2010, defendants filed the instant motion to dismiss plaintiff's second amended complaint arguing that despite three prior attempts, plaintiff's second amended complaint still fails to state a cause of action under the FLSA. Specifically, defendants argue that ***** plaintiff is not an "eligible" employee under the FMLA because

---

[1] Defendants do not dispute that plaintiff held this position between April and November 2008.

[2] The procedural history of this case actually dates back to November 6, 2009 when plaintiff initially commenced this action as set forth in detail in this Court's June 15, 2010 Report and Recommendation recommending dismissal *with prejudice* of plaintiff's previously asserted claim under the Family and Medical Leave Act and dismissal *without prejudice* of his claim under the FLSA . Accordingly, this procedural history is not repeated herein.

he still fails to allege that he worked for any of the defendants for at least twelve months. Defendants further argue that plaintiff has failed to allege sufficient facts and jurisdictional allegations to state a claim under the FLSA.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (MD. Fla. 1993) (*citing Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (*citing Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

3

When a plaintiff appears *pro se*, the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976) (quoting *Haines*, 404 U.S. at 520, 92 S.Ct. at 595-96). Despite the liberality of the pleading requirement, naked allegations that are too conclusory cannot survive a motion to dismiss. *See Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

## ANALYSIS

In his second amended complaint, plaintiff alleges a cause of action under the FLSA for approximately 435 hours of unpaid overtime during his seven month period of employment with defendants. Plaintiff attempts to cure his prior pleading deficiencies by specifying the dates on which he was employed, the number of hours worked during his employment for each pay period, the number of overtime hours for which he was not compensated, and his yearly salary. Plaintiff further provides the details regarding his position and nature of employment with defendant as previously ordered by this Court. A fair and liberal reading of the complaint and the attachments thereto clearly reflect that plaintiff was employed as a manager with a wide range of duties including "busboy, host, server, bareback, bartender, dishwasher, prep cook [and] line cook." See Sec. Am.Cpt, pg. 3.

Reviewing plaintiff's allegations, the undersigned reiterates that the elements that must be alleged to state a claim for a violation of the FLSA's overtime pay requirements are "quite straightforward." *See Sec'y of Labor v. Labbe*, 319 F.Appx. 761, 762 (11th Cir. 2008). The elements are "simply a failure to pay overtime compensation . . . to covered

employees. . . ." Id.; 29 U.S.C. § 216(b). While plaintiff's amended complaint asserts that defendants failed to pay him overtime compensation, it still remains unclear whether plaintiff is a covered employee. Indeed, the authority cited by plaintiff himself demonstrates that a managerial position is generally exempt from the overtime provision of the FLSA. See e.g. Jones v. Virginia Oil Co., 2003 WL 21699882 (4th Cir. 2003). Section 13(a)(1) of the FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from the overtime requirements. See 29 U.S.C. § 213(a)(1). While defendants may eventually prevail on issues of exemption, the inquiry of whether plaintiff's management position qualifies as an exemption is clearly fact intensive and, thus, inappropriate for adjudication on the instant motion to dismiss.

What remains significant at this time, however, is that plaintiff's second amended complaint still fails to allege any jurisdictional allegations whatsoever and is not in compliance with the general rules of pleading as set forth in Fed.R.Civ.P. 8. Although plaintiff attempt to cure some jurisdictional deficiencies in his response, the second amended complaint still is devoid of the necessary allegations. While this Court has original subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the second amended complaint failed to allege any jurisdictional facts with respect to any of the defendants. Moreover, the complaint fails to allege sufficient factual allegations with respect to the individual defendants or defendant Brinker International. Indeed, plaintiff makes no mention whatsoever of defendant Scoth Moody in the subject complaint. Without such information, the Court cannot determine whether these parties are properly joined in this lawsuit.

Accordingly, the undersigned recommends that plaintiff's FLSA claim be dismissed

with respect to defendants Brinker International, Inc., George M. Aoun and Scoth Moody. Despite numerous attempts at amending, and despite having many of its flaws being earlier pointed out to plaintiff by defendants and this Court, it is clear that any further efforts to amend against these defendants would be futile. Therefore, the undersigned recommends that the Court's dismissal of these defendants be *with prejudice*. However, a liberal reading of plaintiff's second amended complaint and the exhibits of record are sufficient to allege that plaintiff was employed by Master Restaurants Developer, LLC so that the undersigned recommends that dismissal of this defendant be *without prejudice* and with leave to refile in accordance with the pleading requirements set forth in Fed.R.Civ.P. 8.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends:

a. that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*; and

b. that this case be DISMISSED *with prejudice* as to defendants Brinker International, Inc., George M. Aoun and Acoth Moody, but *without prejudice* as to defendant Master Restaurant Developer, LLC.

c. that plaintiff be allowed to refile a third amended complaint on the FLSA claim solely against Master Restaurant Developer, LLC within ten (10) days of the Court's adopting these recommendations.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of the date this Report and Recommendation. See 28 U.S.C. sec. 636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

Respectfully submitted at Miami, Florida this 12th day of November, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Hon. James Lawrence King
Counsel of record
Arnold Maya, *pro se*
13370 S.W. 91st Terrace, #D
Miami, Florida 33186