UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23408-CIV-KING/BANDSTRA

ARNOLD MAYA,

    Plaintiff,

vs.

MASTER RESTAURANT DEVELOPER, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (D.E. 45) filed on February 7, 2011. Previously, this case was referred to the undersigned for appropriate disposition of all pretrial motions by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Having reviewed this motion, plaintiff's *pro se* third amended complaint, all pleadings and applicable law, the undersigned recommends:

    a. that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*; and

    b. that this case be DISMISSED *with prejudice*.

## INTRODUCTION

This is an action for unpaid wages and resulting damages brought by *pro se* plaintiff Arnold Maya ("plaintiff") under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* against his alleged former employer Master Restaurant Developer, LLC ("defendant").

Plaintiff, in his third amended complaint, alleges that he was previously employed by defendant in a managerial role at a restaurant known as "On the Border" in Miami-Dade County for several months in 2008.[1] Plaintiff further alleges that he often worked between 12 to 16 hours per day. Plaintiff asserts that he was "negligently terminated" without payment of 435 hours in overtime compensation. Consequently, plaintiff attempts to assert claims for unpaid compensation and damages including loss of income, loss of a house, loss of a car and pain and suffering under the FLSA. See Third Am.Cpt., pg. 1.[2]

On February 7, defendants filed the instant motion to dismiss plaintiff's third amended complaint arguing that despite three prior attempts, plaintiff's third amended complaint still fails to state a cause of action under the FLSA. Specifically, defendant argues that plaintiff has failed to state a claim under the FLSA in view of plaintiff's allegation that he was hired for a management position. Defendants further note that the damages plaintiff seeks are not awardable under the FLSA.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*,

---

[1] Defendants do not dispute that plaintiff held this position between April and November 2008.

[2] The procedural history of this case actually dates back to November 6, 2009 when plaintiff initially commenced this action as set forth in detail in this Court's June 15, 2010 Report and Recommendation recommending dismissal *with prejudice* of plaintiff's previously asserted claim under the Family and Medical Leave Act and dismissal *without prejudice* of his claim under the FLSA . Thereafter, this Court dismissed with prejudice defendants Brinker International, Inc., George M. Aoun and Scoth Moody. See November 15, 2010 Order. Accordingly, this procedural history is not repeated herein.

2

355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the courts are required to view the complaint in the light most favorable to the plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572, 573 (MD. Fla. 1993) (*citing Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only those allegations that are "well pleaded" need be taken as true by the court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (*citing Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996)). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When a plaintiff appears *pro se*, the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed. 2d 251 (1976) (quoting *Haines*, 404 U.S. at 520, 92 S.Ct. at 595-96). Despite the liberality of the pleading requirement, naked allegations that are too conclusory cannot survive a motion to dismiss. *See Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988).

## ANALYSIS

In his third amended complaint, plaintiff again attempts to allege a cause of action

under the FLSA for approximately 435 hours of unpaid overtime during his seven month period of employment with defendant. Despite specific guidance from this Court, plaintiff has failed to cure his prior pleading deficiencies. Indeed, this latest attempt strays even farther from stating a cause of action under the FLSA. A fair and liberal reading of the complaint and the attachments thereto clearly reflect that plaintiff was employed as a manager for defendant. See Sec. Third Am.Cpt., para. 1.

Reviewing plaintiff's allegations, the undersigned reiterates that the elements that must be alleged to state a claim for a violation of the FLSA's overtime pay requirements are "quite straightforward." See Sec'y of Labor v. Labbe, 319 F.Appx. 761, 762 (11th Cir. 2008). The elements are "simply a failure to pay overtime compensation . . . to covered employees. . . ." Id.; 29 U.S.C. § 216(b). While plaintiff's amended complaint asserts that defendants failed to pay him overtime compensation, it still remains unclear whether plaintiff is a covered employee. Indeed, plaintiff specifically alleges that he was employed as "management." See Third Am. Cpt., para. 1. A managerial position is generally exempt from the overtime provision of the FLSA. See e.g. Jones v. Virginia Oil Co., 2003 WL 21699882 (4th Cir. 2003). Section 13(a)(1) of the FLSA exempts employees occupying "bona fide executive, administrative, or professional" positions from the overtime requirements. See 29 U.S.C. § 213(a)(1). While it appears that defendant would prevail on issues of exemption, the inquiry of whether plaintiff's management position qualifies as an exemption is fact intensive and, thus, inappropriate for adjudication on the instant motion to dismiss.

What continues to remain significant at this time, however, is that plaintiff's third amended complaint still fails to allege any jurisdictional allegations whatsoever and is not

4

in compliance with the general rules of pleading as set forth in Fed.R.Civ.P. 8. While this Court has original subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), the third amended complaint fails to allege any jurisdictional facts whatsoever with respect to defendant. Moreover, plaintiff fails to sufficiently state a claim under the FLSA and continues to seek non-recoverable damages. In view of these pleading deficiencies, the undersigned further finds that any further attempt after three attempts to state a FLSA claim would be futile.

Accordingly, the undersigned recommends that plaintiff's FLSA claim be dismissed *with prejudice*.

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends:

a. that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint be GRANTED due to plaintiff's continued failure to adequately allege a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 *et seq.*; and

b. that this case be DISMISSED *with prejudice.*

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of the date this Report and Recommendation. See 28 U.S.C. sec. 636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

5

Respectfully submitted at Miami, Florida this 23 day of March, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Hon. James Lawrence King
Counsel of record
Arnold Maya, *pro se*
13370 S.W. 91st Terrace, #D
Miami, Florida 33186